# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JEREMIAH HUDSON, JR.,**

    **Plaintiff,**

**vs.**                                                             **Case No.  4:22cv471-WS-MAF**

**ANDREW WARREN,**
**DAKOTA FORTIN,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This case was initiated on December 22, 2022, based on the submission to this Court of a letter from Plaintiff, proceeding pro se. In an abundance of caution, the letter was considered to be an indication that Plaintiff intended to initiate a case in this Court. An Order was entered advising Plaintiff that he must pay the Court's filing fee or file a motion for leave to proceed in forma pauperis if he did intend to proceed with a civil rights case. See ECF No. 3. Further, Plaintiff was required to file a proper complaint on the court form as required by the Rules of this Court. *Id.* Plaintiff's deadline to comply with that Order was February 13, 2023. *Id.*

No response to that Order has been received, despite the warning to Plaintiff that a recommendation would be made to dismiss this case if he did not comply by the deadline provided. It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912,

915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here Plaintiff was forewarned and did not respond to a Court Order; dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2023.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv471-WS-MAF